2024 IL App (2d) 230600-U
No. 2-23-0600
Order filed February 21, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2679 |
| CHARLES F. SCHWAB, | ) ) ) | Honorable William G. Engerman |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying defendant pretrial release where the police synopsis presented sufficient evidence that defendant was driving under the influence of alcohol, defendant's criminal history included four prior convictions for driving under the influence which supported the trial court's finding of dangerousness, and defendant's five convictions for driving with a suspended license and failure to comply with sentencing requirements in his last driving under the influence conviction supported the trial court's finding that defendant would not comply with less restrictive conditions. Affirmed

¶ 1    Defendant, Charles F. Schwab, appeals from the denial of his pretrial release under section

110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).

The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois

Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the following reasons, we affirm.

¶ 2    On December 11, 2023, defendant was charged by complaint with two counts of aggravated driving under the influence (DUI) (fifth violation, and blood alcohol content of .16 or more) (625 ILCS 5/11-501(a) (West 2022)), two counts of DUI (*id.*), driving while license suspended or revoked (*id.* § 6-303(a)), leaving the scene of an accident (*id.* § 11-4.2(a)), operating an uninsured motor vehicle (*id.* § 3-707(a)), transportation or possession of open alcohol by driver (*id.* § 11-502(a)), and driving with expired license plates (*id.* § 3-413(f)). That same day, the State filed a verified petition to deny defendant pretrial release, and a hearing was held. Following the hearing, the trial court entered an order denying defendant pretrial release.

¶ 3    Defendant argues in his timely notice of appeal that the State failed to show by clear and convincing evidence that (1)the proof was evident or presumption great that defendant committed the charged offenses because the State offered only the police synopsis into evidence; (2) defendant poses a real and present threat to the safety of any person persons or the community, because defendant's criminal history was remote, his last DUI conviction was in 2013, and defendant's criminal history was entirely non-violent; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because electronic home monitoring could mitigate the threat to the safety of others.

¶ 4    In short, defendant's first three arguments perfunctorily challenge all three findings required to deny a defendant pretrial release (725 ILCS 5/110-6.1(e)(1-3) (West 2022)). Defendant declined to file a memorandum, and thus the issues on appeal and arguments in support are limited to the notice of appeal. We therefore review only those issues based on the record presented. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13.

¶ 5    On an appeal from an order denying a defendant pretrial release, we review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 6    To begin, we reject defendant's argument that a synopsis is *per se* insufficient to demonstrate that the proof is evident or presumption great that defendant committed the charged offenses. At a pretrial detention hearing, the State is explicitly permitted by the Act to present evidence "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Indeed, the Act additionally exempts detention hearings from the rules of evidence. *Id.* § 6.1(f)(5). Without explaining why this police synopsis is not "reliable," counsel's notice of appeal simply argues that the synopsis is "insufficient." This bare conclusory argument is patently without merit and the practice of rotely including it in every notice of appeal should be discontinued. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 34.

¶ 7    Further, the evidence in the synopsis was more than sufficient to show by clear and convincing evidence that the proof was evident or presumption great that defendant committed the charged offenses. According to the synopsis, officers responded to a hit and run accident. The driver of the other vehicle followed the vehicle driven by defendant, and officers were eventually able to stop defendant's vehicle. The contacting officer observed that defendant was "disoriented and clueless." Officers placed the vehicle in park and removed the keys, as defendant was not following directions. Officers observed damage to the front of defendant's vehicle and that the airbags had deployed. They also observed a half-empty liter bottle of Bacardi rum on the passenger

floorboards. Defendant was lethargic answering questions, had bloodshot eyes, was slurring his speech, and behaving argumentatively. Defendant was transported to the hospital and a preliminary blood draw resulted in a blood alcohol content of 0.257.

¶ 8 Regarding dangerousness, in addition to the synopsis, the State presented defendant's criminal history which included DUIs from 1982, 1984, 1990, and 2013, as well as five driving while license suspended convictions from 1988, 1993, 1994, 2014, and 2018. In all of the driving while license suspended convictions, except the one in 1988, defendant's license was suspended as a result of a DUI. Additionally, defendant was not sentenced on the 2013 DUI until 2017, and as part of his sentence defendant was sentenced to participate in 90 days of secure continuous remote alcohol monitoring (SCRAM), which he did not complete. Additionally, defendant was sentenced to 300 hours community service for the 2018 driving with a suspended license charge, which he did not complete.

¶ 9 Defendant's contention that his criminal history is remote and non-violent does little to mitigate the threat defendant poses to the community. Defendant's 40-year history of drinking and driving indicates that he lacks control and is at an extremely high risk to repeat his behavior. In addition, the circumstances of this case, including a collision with another vehicle in which air bags deployed followed by flight from the scene, clearly support the court's finding that defendant represents a real and present threat to the safety of the community.

¶ 10 Regarding less restrictive conditions, the trial court found that defendant's repeated willingness to drive with a suspended license indicates that defendant is unlikely to comply with any conditions the court might impose. Further, defendant's failure to comply with SCRAM monitoring conditions on his last DUI probation, and the fact that he had a blood alcohol content three times the legal limit in the instant case, demonstrate that defendant is unable to control his

alcohol consumption. Accordingly, there was sufficient evidence to show that no condition or combination of conditions (including home monitoring) would mitigate the real and present threat defendant posed to the safety of the community.

¶ 11    For these reasons, the trial court did not err in denying defendant pretrial release and we affirm the judgment of the Kane County circuit court.

¶ 12    Affirmed.